Mayra A. Ledesma, OSB#183942
mayra@nwjp.org
Corinna Spencer-Scheurich, OSB#130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite #225
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OMAR SANCHEZ**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**MCJ FACILITY SOLUTIONS, INC.**, an Oregon domestic business corporation,<br><br>Defendant. | Case No.: 3:21-cv-00048<br><br>COMPLAINT<br><br>American with Disabilities Act, (42 U.S.C § 12101, *et seq.*);<br>Oregon Unlawful Employment Practices, O.R.S. §§ 653.641, 659A.641, .112, .040, .043, .046, .183<br><br>DEMAND FOR JURY TRIAL |

### I.     INTRODUCTION

1.     Omar Sanchez ("Plaintiff") brings this action against his former employer, MCJ Facility Solutions, Inc., formally known as Mid-Columbia Janitorial, Inc., ("MCJ") for violation and retaliation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (ADA), O.R.S. §§ 653.641, 659A.040, 659A.043, 659A.046, 659A.112 and 659A.183.

1 - COMPLAINT

2. Defendant failed to provide plaintiff a reasonable accommodation in the workplace and retaliated against and unlawfully terminated Plaintiff after he requested the accommodation in violation of the ADA and Oregon anti-discrimination laws.

3. Plaintiff also was retaliated against and unlawfully discharged after lawfully invoking the procedures for an Oregon workers' compensation claim and was not reemployed and later reinstated as required by Oregon law.

4. Plaintiff was retaliated against and unlawfully discharged for attempting to exercise his right to leave under the Oregon Family Leave Act and for taking legally protected sick time.

5. Plaintiff seeks economic and non-economic damages and attorney fees and costs.

## II.   JURISDICTION

6. This Court has jurisdiction of this action under 28 U.S.C. § 1331, as the action arises under the laws of the United States; 28 U.S.C. § 1337, as the action arises under an Act of Congress regulating commerce; 42 U.S.C. § 2000e-5(f)(3), as this action arises under the ADA; and 28 U.S.C. § 1367, as the state claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the District of Oregon – Portland Division pursuant to 28 U.S.C. § 1391(b)(2) because Hood River and Wasco Counties in Oregon are in this judicial district and where the events giving rise to Plaintiff's claims occurred.

## III.   PARTIES

8. Plaintiff Omar Sanchez is a natural person who resides in The Dalles in Wasco County, Oregon.

9. Defendant MCJ Facility Solutions, Inc., formally known as Mid-Columbia Janitorial, Inc., is an Oregon domestic business corporation that provides janitorial services

primarily in Hood River in Hood River County, Oregon.

## IV.  ADMINISTRATIVE EXHAUSTION

10. On October 14, 2019, Plaintiff co-filed a complaint with the Civil Rights Division of the Oregon Bureau of Labor and Industries (BOLI) and Equal Employment Opportunity Commission (EEOC).

11. On October 14, 2020, BOLI notified Plaintiff of his right to file a civil suit.

12. On October 28, 2020, EEOC notified Plaintiff of his right to sue under the ADA.

## V.  FACTS

13. Defendant operated a janitorial business.

14. Defendant regularly employed twenty-five or more employees.

15. On January 29, 2015, Defendant hired Plaintiff as a part-time janitor.

16. Approximately two years later, Plaintiff began working as a handyman, doing mostly maintenance work.

17. In 2016, Plaintiff was also working at a company called H2Oregon.

18. In 2016, Plaintiff sustained a work injury to his left knee while working for H2Oregon. Plaintiff filed a claim for workers' compensation and it was accepted by SAIF Corporation.

19. Defendant was aware of the accepted workers' compensation claim and complied with the work modifications put in place due to the injury at first.

20. Throughout 2017 and 2018, Plaintiff experienced flare-ups related to his knee injury and sought medical treatment. Plaintiff also experienced pain in his other knee. Initially, Defendant allowed Plaintiff unpaid time off and to modify his work during these flare-ups.

21. In October 2018, the pain in Plaintiff's left knee had worsened. Plaintiff contacted

SAIF and was approved to receive medical treatment on October 25, 2018.

22. On or around the same time, Plaintiff began experiencing pain in his right knee due to overuse as a result of his inability to place weight on his left knee.

23. Plaintiff's knee injuries were a physical impairment that substantially limited one or more of Plaintiff's life activities, including walking, running, lifting, and impacted his ability to perform his job.

24. At all relevant times, Defendant was aware that Plaintiff's knee injuries substantially limited one or more of Plaintiff's life activities.

25. At that time, Valerie Christman, Plaintiff's supervisor and Defendant's principle officer and owner, advised Plaintiff to wear a knee braces and allowed him time off work to allow the knees to improve.

26. On February 7, 2019, Plaintiff received additional treatment for his knee pain. He was prescribed Diclofenac for his pain.

27. On February 17, 2019, Plaintiff woke up to an unexpected intolerable pain in his knees. To relieve the pain, Plaintiff took a strong dose of his prescribed pain drug Diclofenac and two Advils.

28. The next day, February 18, 2019, the medication caused Plaintiff to sleep through his alarms and miss work.

29. That same day, Plaintiff sought medical treatment from Dr. Robert J. Schwartz for his debilitating knee pain.

30. While at Dr. Schwartz's office, Plaintiff received a call and text from Defendant asking why he was not at work. Plaintiff explained his medical situation and immediately sent Defendant a copy of Dr. Schwartz's written recommendation of, "No kneeling, squatting or

walking greater than 1/4 mile [for] two weeks due to medical injury."

31.     Defendant failed to engage in a good-faith exploration with Plaintiff about possible accommodations that would have allowed him to return to work on February 20, 2019. Instead, Defendant told Plaintiff not return to work until the doctor removed his restrictions.

32.     Defendant also refused to reemploy Plaintiff to a position that was available and suitable after he asked to be returned to work.

33.     Not wanting to lose his job, Plaintiff went back to Dr. Schwartz on February 21, 2019. Dr. Schwartz advised Plaintiff that he was not better and therefore he could not remove the restrictions. Dr. Schwartz modified the restrictions to: "Okay to work starting on February 20, 2019 with the specific modifications for 2 weeks or no kneeling, squatting or walking greater than ¼ mile." Plaintiff sent a copy of this note to Defendant.

34.     Defendant again failed to engage in a good-faith exploration with Plaintiff about possible accommodations as identified by his doctor.

35.     Defendant also again refused to reemploy Plaintiff to a position that was available and suitable after he asked to be returned to work.

36.     On February 28, 2019, Defendant fired Plaintiff because the doctor did not remove the work restrictions.

37.     On March 1, 2019, Plaintiff went back to Dr. Schwartz to explain that he was fired and he desperately needed not to lose his job. Dr. Schwartz encouraged Plaintiff to seek legal advice and agreed to release him to full occupational duties starting March 4, 2019. Plaintiff sent a copy of this note to Defendant.

38.     Defendant refused to reinstate Plaintiff.

/ / /

## VI.  CLAIMS FOR RELIEF

### First Claim – The Americans with Disabilities Act
(Discrimination because of disability)

39. Plaintiff is a person with a disability because he has physical impairments that substantially limit one or more major life activity. 42 U.S.C. § 12102; 29 C.F.R. § 1630.2.

40. Defendant is a covered employer to which the ADA applies.

41. Defendant violated 42 U.S.C. § 12112, by failing to engage in an interactive process to identify whether a reasonable accommodation would enable him to perform the essential functions of his job, and by terminating Plaintiff's employment because his doctor recommended work restrictions to accommodate Plaintiff's disability.

42. Plaintiff seeks back pay, compensatory damages, and attorneys' fees and costs under 42 U.S.C. §§ 1981a, 2000e-5(g),(k), and 12117(a).

### Second Claim – Oregon Unlawful Employment Practices
(Discrimination because of disability or perceived disability)

43. Defendant violated O.R.S. § 659A.112(1), when it discharged Plaintiff from employment on the basis of his disability or perceived disability.

44. Defendant further violated O.R.S. § 659A.112(2), by not making reasonable accommodations to the known physical limitations of Plaintiff and by not engaging in an interactive process to identify reasonable accommodations of his disability.

45. Plaintiff seeks back pay, compensatory damages or $200.00, and attorney fees and costs under O.R.S. § 659A.885(1),(2),(3).

### Third Claim – Oregon Unlawful Employment Practices
(Discrimination for Invoking Procedures Provided for in Chapter 656)

46. Defendant violated O.R.S. § 659A.040(1), when it discriminated, retaliated against and terminated Plaintiff when he invoked the procedures provided for in ORS Chapter

656.

47.     Plaintiff seeks back pay, compensatory damages or $200.00, whichever is greater, and attorneys' fees and costs under O.R.S. § 659A.885(1),(2),(3).

### Fourth Claim – Oregon Unlawful Employment Practices
(Failure to reemploy injured worker in other available suitable work)

48.     Defendant failed to reemploy Plaintiff, who was disabled from performing the duties of his regular employment, to available and suitable work after he requested it in violation of O.R.S. § 659A.046.

49.     Plaintiff seeks back pay, compensatory damages or $200.00, whichever is greater, and attorneys' fees and costs under O.R.S. § 659A.885(1),(2),(3).

### Fifth Claim – Oregon Unlawful Employment Practices
(Failure to reinstate employee to former position)

50.     Defendant violated O.R.S. § 659A.043, when it failed to reinstate Plaintiff to his former position after his doctor released Plaintiff to return to work with no restrictions.

51.     Plaintiff seeks back pay, compensatory damages or $200.00, whichever is greater, and attorneys' fees and costs under O.R.S. § 659A.885(1),(2),(3).

### Sixth Claim – Oregon Family Leave Act
(Retaliation for attempted exercise of leave)

52.     Plaintiff attempted to exercise leave under the Oregon Family Leave Act to recover or seek treatment for a serious health condition that arose with his knees as protected by O.R.S. § 659A.159.

53.     Defendant violated O.R.S. § 659A.183 and OAR 839-009-0320 when it denied Plaintiff leave to which he was entitled and discharged Plaintiff for invoking any provision of the Oregon Family Leave Act.

54.     Pursuant to O.R.S. § 659A.885, Plaintiff is entitled to back pay, any other

equitable relief that may be appropriate, and reasonable attorneys' fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court provide the following relief:

55. Award Plaintiff back pay;

56. Award Plaintiff compensatory damages, including emotional distress, mental anguish, and humiliation, and loss of enjoyment of life;

57. Find that Plaintiff is the prevailing party and award reasonable attorney fees and costs under 42 U.S.C. § 2000e-5 and O.R.S. § 659A.885;

58. Award Plaintiff pre-judgment interest on sums due under state law claims; post-judgment interest on all claims; and

59. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 12th of January, 2021, by:

>  s/ Mayra A. Ledesma
>  **Mayra A. Ledesma**, OSB #183942
>  mayra@nwjp.org
>  Attorney for Plaintiff