IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OMAR SANCHEZ,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**MCJ FACILITY SOLUTIONS, INC.,** an Oregon domestic business corporation,<br><br>Defendants. | Case No. 3:21-cv-48-SI<br><br>**OPINION AND ORDER** |

Corinna R. Spencer-Scheurich, Bonnie Allen-Sailer, and Mayra Ledesma, NORTHWEST WORKERS' JUSTICE PROJECT, 310 SW Fourth Ave, Suite 320, Portland, OR 97204. Of Attorneys for Plaintiff.

**Michael H. Simon, District Judge.**

      Plaintiff Omar Sanchez brings this action against his former employer, Defendant MCJ Facility Solutions, Inc. (MCJ Facility Solutions). Plaintiff alleges that Defendant discriminated and retaliated against him in violation of the Americans with Disabilities Act (ADA) and Oregon law. Before the Court is Plaintiff's motion for entry of default judgment. For the reasons explained below, the Court grants Plaintiff's motion.

**STANDARDS**

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out the factors that guide a district court's consideration of whether to enter default judgment. *See DIRECTV*, 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Plaintiff was employed by Defendant as a janitor beginning in January 2015. In 2016, Plaintiff injured his left knee while working at his second job for a different employer. Plaintiff filed a claim for worker's compensation, which was accepted by SAIF Corporation. Plaintiff's medical providers restricted him to light work and Defendant accommodated Plaintiff's work restrictions until February 2019.

In February 2019, Plaintiff woke up during the night with unexpected severe pain in his left knee. Plaintiff took a strong dose of prescribed medication and Advil to relieve the pain, which caused him to sleep through his alarm the next morning and miss work. When Plaintiff awoke, he continued to feel severe pain in his left knee so immediately visited his doctor, Dr. Robert Schwartz. Dr. Schwartz evaluated Plaintiff's knee that morning and prohibited Plaintiff from "kneeling, squatting, or walking greater than 1/4 mile [for] two weeks." While at Dr. Schwartz's office, Plaintiff sent text messages to his supervisor at MCJ Facility Solutions, Valerie Christman, informing her of his work restrictions and knee pain. Ms. Christman did not reply to Plaintiff's text messages.

Plaintiff returned to work the next day, but Ms. Christman sent Plaintiff home and told Plaintiff not to return to work until his doctor removed Plaintiff's work restrictions. Ms. Christman did not discuss accommodations with Plaintiff. Two days later, Plaintiff asked Dr. Schwartz to remove his work restrictions because he feared he would lose his job. Dr. Scwhartz did not agree to remove Plaintiff's restrictions and provided Plaintiff with an additional note restating that Plaintiff's restrictions remained in place for two weeks. Before those two weeks passed, Defendant terminated Plaintiff. Plaintiff again returned to Dr. Schwartz, asking for release to full work because he had lost his job. Dr. Scwhartz provided Plaintiff with a note stating that he was released to full work on the date the two weeks expired. Plaintiff sent a copy of the note to Defendant but received no response.

Plaintiff had difficulty finding steady employment after his termination and remained unemployed for the rest of the year. Plaintiff alleges that he has suffered extreme stress and mental anguish due to his termination. Plaintiff alleges that he experienced frequent headaches, nightmares, insomnia, stomach pain, nausea, helplessness, and hopelessness.

Plaintiff filed this lawsuit on January 1, 2021, alleging disability discrimination, worker's compensation retaliation, failure to reemploy, failure to reinstate, and retaliation for exercise of protected medical leave in violation of the ADA and Oregon law. Plaintiff seeks backpay, emotional distress damages, and attorney's fees and costs. Defendant waived service of process but failed to file any responsive pleading. Plaintiff moved for entry of default, which the clerk entered on June 3, 2021. Plaintiff now moves for entry of default judgment.

## DISCUSSION

### A. *Eitel* Factors

The Court finds that the *Eitel* factors weigh in favor of entering a default judgment. Plaintiffs will be prejudiced if the Court does not enter default judgment because Defendant's

failure to respond to the Complaint leaves Plaintiff with no alternative avenues of redress. The factual allegations of the Complaint, which the Court accepts as true, are sufficient to support Plaintiff's claims. Plaintiff seeks $43,519.82 in backpay and $100,000 in emotional distress damages, which is not an excessively large amount. There may be a dispute about material facts, but the Court must accept Plaintiff's allegations as true and Defendant has not filed any responsive pleading. It is unlikely that the default was due to excusable neglect because Defendant waived service of process but filed no responsive pleading. Finally, although public policy disfavors default judgments, judgment on the merits is impossible when Defendant has not appeared in this litigation. Thus, the *Eitel* factors favor entry of a default judgment in this case.

**B. Damages**

Although the Court accepts as true Plaintiff's well-pleaded factual allegations, the Court does not fully accept Plaintiff's allegations relating to damages. *See DIRECTV*, 503 F.3d at 854. Plaintiff must prove the amount of damages. In support of his damages figure, Plaintiff submits his own declaration, a declaration of his attorney, and copies of his W-2s from 2018 to 2021.

Plaintiff has shown that he is entitled to $42,364.67 in backpay. Plaintiff earned $38,390.25 in 2018 while working for Defendant. Plaintiff earned $7,906.34 in 2019, $25,354.34 in 2020, and $39,545.40 in 2021. Based on his 2018 income, Plaintiff would have earned a total of $115,170.75 from 2019 to 2021 but instead earned only $72,806.08. The difference between these two figures is $42,364.67, which constitutes Plaintiff's backpay.

With respect to Plaintiff's emotional distress damages, Plaintiff states that his unlawful termination caused him "extreme stress and mental anguish," "headaches, nightmares, trouble sleeping, stomach pain, and nausea" and caused him to feel "sad and helpless, and embarrassed about being terminated." ECF 10, at 4. Plaintiff's attorney states that she estimates Plaintiff's

PAGE 5 – OPINION AND ORDER

emotional distress damages are $100,000. ECF 11, at 2. Plaintiff, however, submits no comparable jury verdicts or other data showing that $100,000 is the appropriate measure of his emotional distress. Nevertheless, the Court notes that *Dunlap v. Liberty Natural Products, Inc.*, which was heard by a jury with the undersigned presiding, presents similar facts and claims at issue here, and the jury in that case awarded the plaintiff $70,000 in emotional distress damages. *Dunlap v. Liberty Nat. Prod., Inc.*, 2016 WL 591759, at *1 (D. Or. Feb. 12, 2016), *aff'd*, 878 F.3d 794 (9th Cir. 2017). Thus, because Plaintiff has offered no other comparable jury verdicts to support his $100,000 figure, the Court awards Plaintiff $70,000 in emotional distress damages.

## CONCLUSION

The Court GRANTS Plaintiff's motion for entry of default judgment (ECF 9). The Court awards Plaintiff $42,364.67 in backpay and $70,000 in emotional distress damages, for a total damages award of $112,364.67. The Court will determine any attorney fee and cost award after Plaintiff timely submits his fee petition.

**IT IS SO ORDERED**.

DATED this 25th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge