IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OMAR SANCHEZ,** an individual, | Case No. 3:21-cv-48-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **MCJ FACILITY SOLUTIONS, INC.,** an Oregon domestic business corporation, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Omar Sanchez brings this action against his former employer, Defendant MCJ

Facility Solutions, Inc., alleging that Defendant discriminated and retaliated against him in

violation of the Americans with Disabilities Act (ADA) and Oregon law. The Court entered

default judgment for Plaintiff on April 25, 2022. ECF 13. Before the Court is Plaintiff's motion

for attorney's fees and costs (ECF 14). For the reasons explained below, the Court grants

Plaintiff's motion.

The Court may award Plaintiff reasonable attorney's fees and costs under 42 U.S.C.

§ 12205 and Oregon Revised Statutes § 659A.885(1). The preferred method of calculating

reasonable attorney's fees is the lodestar method. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542,

PAGE 1 – ORDER

551-52 (2010). The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* at 552. Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.* at 1206.

Plaintiff requests $25,393 in attorney's fees and $402 in costs. Plaintiff's counsel represents that she removed from the request any duplicative hours or hours spent on work not ultimately used in the case. The Court has reviewed Plaintiff's time records and finds that the number of hours sought are reasonable. Plaintiff seeks hourly rates ranging from $250 to $400 for attorneys and $100 for law clerks. The Court finds the attorneys' hourly rates are reasonable based on each attorney's experience and the Oregon State Bar 2017 Economic Survey, *available*

*at* http://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf. The Court also finds that $100 per hour for law clerks is reasonable. Finally, the Court finds that $402 in costs is reasonable.

The Court GRANTS Plaintiff's motion for attorney's fees and costs (ECF 14). The Court awards Plaintiff $25,393 in attorney's fees and $402 in costs.

**IT IS SO ORDERED.**

DATED this 23rd day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER